UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CONLEY BYRD, )<br>)<br>Defendant. ) | Crim. No. 6:16-cr-00052-GFVT-HAI<br><br>**ORDER** |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly Ingram. [R. 44.] In November 2017, this Court sentenced Defendant Conley Byrd to 108 months of imprisonment[1] followed by three years of supervised release. *Id.* at 1. Mr. Byrd was released on July 5, 2024. *Id.* Since his initial release, Mr. Byrd has transgressed his terms of supervised release by using and possessing controlled substances. *Id.* at 1-2.

On September 5, 2024, the United States Probation Office issued a Violation Report charging Mr. Byrd with two supervised release violations. The report indicated that methamphetamine was detected in Mr. Byrd's August 26, 2024, urine sample. Based on that positive urine screen, Mr. Byrd was charged with a Grade C violation for the unlawful usage of a controlled substance and a Grade B violation for committing another drug crime. *Id.*

---

[1] Following passage of 18 U.S.C. § 3582(c)(2), Mr. Byrd's sentence was reduced to 90 months on June 14, 2024. [R. 38.]

Mr. Byrd appeared before Judge Ingram for an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1. [R. 41.] On October 11, 2024, Mr. Byrd appeared before Judge Ingram for his final hearing. [R. 43.] As Judge Ingram found, Mr. Byrd "knowingly, voluntarily, and intelligently" stipulated to both violations. *Id*. After the final hearing, Judge Ingram issued the instant Report and Recommendation in which he evaluated the entire record and considered all Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. [R. 44.] Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 11-12; *see* 28 U.S.C. § 636(b)(1).

More than fourteen days have passed, and no one has objected to the Report and Recommendation. Moreover, Mr. Byrd has waived his right to allocution. [R. 45.] Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 44]** is **ADOPTED** as and for the Opinion of the Court;

2

2. Defendant Byrd is found **GUILTY** of the Violations as charged by the United States Probation Office; and

3. Defendant Byrd's current term of supervised release is **REVOKED**;

4. Defendant Byrd is **SENTENCED** to a term of incarceration of **eighteen (18)** months, with **eighteen (18)** months of additional supervision to follow; and

5. Defendant Byrd **SHALL** be subject to an additional condition of supervised release requiring that he be evaluated for substance abuse treatment immediately upon release.

This the 5th day of November 2024.

Gregory F. Van Tatenhove
United States District Judge